Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1194 | **DATE** | October 5, 2004 |
| **CASE TITLE** | *Toutant v. Crown Equipment Corp.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. The court denies Toutant's Motion for A New Trial [R.135-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 06 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RH/s | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CINDY TOUTANT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CROWN EQUIPMENT ) <br> CORPORATION, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 01 C 1194 <br><br> Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

In this personal injury action based on diversity of citizenship, plaintiff Cindy Toutant alleged that she injured her back while operating a fork lift maintained and serviced by the defendant Crown Equipment Corporation ("Crown"). After a jury trial, the jury returned a verdict in favor of Crown. Before this court is Toutant's motion pursuant to Federal Rule of Civil Procedure 59(a)(1) for a new trial. For the following reasons, Toutant's motion is denied.

## I.  BACKGROUND

To briefly recap, on June 19, 1998, Toutant was operating a fork lift maintained and serviced by Crown. Toutant contends that she injured her back after the fork lift, also known as a stand-up rider reach truck, abruptly stopped while she was executing a turn. On June 25, 1998, Crown responded to a service call from General Warehouse, Toutant's employer, regarding a grinding noise in turns during the operation of the reach truck. Crown's service technician concluded that the reach truck's top drive unit mounting bearing needed to be replaced. At no time prior to this late June complaint did anyone from General Warehouse complain about a grinding noise during the operation of the reach truck.

Toutant's expert, Myron Boyajian, testified that Crown was negligent because it failed to diagnose and replace the drive unit mounting bearing during service calls on June 2 and 3, 1998, because the bearing unit had gone bad prior to these service calls. Boyajian opined that when the drive unit shifted or was cocked because of the failed unit bearing, the armature in the motor rubbed against the pole shoes causing the abrupt stop which occurred on June 19, 1998, causing Toutant's injury.

On the other hand, Crown's service mechanic testified that the unit bearing did not fail before the June 2 and 3, 1998 service calls. His testimony revealed that General Warehouses' descriptions of the problems on June 2 and 3 and another service call on June 23, did not involve and were not consistent with a failed drive unit bearing. Crown's service mechanic further testified that when unit bearing failure occurs, the reach truck will continue to operate for approximately one to three hours before the shaft of the motor snaps with no noticeable effect on its operation other than a loud grinding noise from metal rubbing on metal. As such, the grinding noise only occurs if the bearings have failed or are bad. Finally, until the reach truck's cage breaks, there is no noticeable effect while operating the reach truck – such as abrupt stops or jerking – no matter how worn the bearings are.

## II. STANDARD FOR A MOTION FOR A NEW TRIAL

In diversity actions, federal courts apply federal standards to a motion for new trial. *See McClain v. Owens-Corning Fiberglas Corp.*, 139 F.3d 1124, 1126 (7th Cir. 1998). Federal Rule of Civil Procedure 59(a)(1) allows a district judge to grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A motion for a new trial may be granted if the verdict is against the manifest weight of

2

the evidence or if a prejudicial error occurred. *See Bankcard Am. v. Universal Bancard Sys.,* 203 F.3d 477, 480 (7th Cir. 2000). In considering whether a verdict is against the manifest weight of the evidence, the court examines whether there is a legally sufficient basis to support the jury verdict viewing the evidence in the light most favorable to the prevailing party, in this instance defendant Crown. *See Harvey v. Office of Banks & Real Estate,* 377 F.3d 698, 707 (7th Cir. 2004); *Alverio v. Sam's Warehouse Club, Inc.,* 253 F.3d 933, 939 (7th Cir. 2001). When a party bases a motion for a new trial on an error of law, the moving party must show that the error was substantial enough to deny her a fair trial. *See Perry v. Larson,* 794 F.2d 279, 285 (7th Cir. 1986). Whether to grant a Rule 59(a) motion is within the trial court's broad discretion. *See Harvey,* 377 F.3d at 707.

### III. DISCUSSION

#### A. Manifest Weight of Evidence

Toutant first contends that the jury's verdict was against the great weight of the evidence, and thus she is entitled to a new trial. Toutant contends that she has established that Crown was negligent based on Crown's failure to replace the drive unit bearing prior to her injury on June 19, 1998. Toutant relies on her expert's opinion that Crown failed to diagnose and replace the drive unit bearing during service calls on June 2 and 3, 1998, and that the drive unit bearing had gone bad before these service calls. Her expert, Myron Boyajian, opined that when the drive unit shifted or was cocked because of the failed unit bearing, the armature in the motor rubbed against the pole shoes causing the abrupt stop which allegedly injured Toutant on June 19, 1998.

Crown countered Mr. Boyajian's testimony with that of Crown's service technician and road supervisor. Their combined testimony included evidence that the complaints lodged before

3

the reach truck allegedly stopped and injured Toutant did not involve and were not consistent with a failed drive unit bearing. Crown's service technician testified that until the cage which holds the steel balls in the bearing unit breaks, there is no noticeable effect on the operation of the reach truck, no matter how worn the bearings are. The grinding noise, as complained of after Toutant's injury, indicates that the bearings failed. Further, Toutant testified that she did not hear any grinding noises the day she was injured. Finally, the day that the service technician replaced the failed drive unit bearing, which was after Toutant's injury, the reach truck was still traveling and the shaft had not broken.

Viewing this evidence in a light most favorable to Crown, the court concludes that the jury was presented with a legally sufficient basis to support their verdict that Crown was not negligent. *See Harvey*, 377 F.3d at 707. There was a reasonable basis in the record – the testimony of Crown's service technician and road supervisor – for the jury to reach the conclusion that the reach truck did not have a failed drive unit bearing at the time it was inspected and serviced by Crown on June 2 and 3, 1998, and thus Crown was not negligent for failing to replace the drive unit bearing prior to Toutant's injury on June 19, 1998.[1]

### B.  Error of Law

Next, Toutant contends that this court committed a prejudicial error in giving a special interrogatory to the jury because the special interrogatory was misleading and ambiguous. *See Mattson v. Schultz,* 145 F.3d 937, 939 (7th Cir. 1998) ("ambiguous, biased, misleading or

---

[1] The court need not address Toutant's argument that Crown's negligence was a proximate cause of her injury, because the jury concluded and was provided a sufficient basis to determine that Crown was not negligent in the first instance. *See* Docket Record Number 131, Special Interrogatory, Question Number 1; *see also Bajwa v. Metropolitan Life Ins. Co.,* 208 Ill.2d 414, 421, 281 Ill.Dec. 554, 804 N.E.2d 519, 526 (Ill. 2004).

confusing questions may warrant reversal"). Under Federal Rule of Civil Procedure 49(a), special verdicts must accurately state the relevant issues. *See id.* The formulation of special verdicts is a matter within the district court's discretion. *See id.*

Toutant contends that the manner in which the special interrogatory was phrased, specifically question number one, required the jury to accept Crown's version of how the drive unit bearing fails. The special interrogatory at issue states in relevant part:

> In addition to the forms of Verdict, you are also being provided with a form of Special Interrogatories, which reads as follows:
>
> 1. Did the stand-up lift truck have a failed drive unit bearing at the time it was inspected and serviced by Crown on June 2 and 3, 1998?
>
> YES _____ NO _____
>
> If you answer "no" to question no.1, then sign this special interrogatory and return it to the Court together with your signed general verdict form. If, however, you answered "yes" to question no.1, then answer question no. 2.
>
> 2. If you answered "yes" to question no. 1, did the failed drive unit bearing cause the stand-up rider lift truck to abruptly stop in the manner claimed by plaintiff on June 19, 1998?
>
> YES _____ NO _____
>
> If you answered "no" to question no.2, then sign this special interrogatory form and return it to the Court together with your signed general verdict form. If, however, you answered "yes" to question no. 2, then answer question no. 3.
>
> 3. If you answered "yes" to questions 1 and 2, was the abrupt stop a proximate cause of the injury claimed by plaintiff?
>
> YES _____ NO _____

(*See* Docket Record Number 131, Special Interrogatory).[2]

---

[2] The jury answered question number one "NO", and thus the jury was not required to answer the additional questions of the special interrogatory.

Toutant claims that question number one was ambiguous or misleading. The court concludes, however, that the question properly frames the relevant issue at hand. It is Toutant's theory that the drive bearing unit had already failed prior to June 2 and 3, 1998, and thus Crown was negligent for not properly repairing the reach truck at that time. As such, question one asks whether the drive bearing unit had failed at the time Crown serviced the reach truck on June 2 and 3. If so, Toutant's theory that Crown was negligent for not properly servicing the reach truck would stand. If not, then Crown's theory that the drive bearing unit did not fail until later in June 1998 would prevail. In other words, the jury chose Crown's version of events when answering "NO" to question number one. Had the jury answer "YES" to question number one, they would have chosen Toutant's version of the facts and continued to the second and third questions of the special verdict.

In the American judicial system, it is the jury's role to weigh the evidence and determine its credibility. *See Minnesota Mining & Mfg. Co. v. Pribyl*, 259 F.3d 587, 606 (7th Cir. 2001) ("the jury is the body best equipped to judge the facts, weigh the evidence, determine credibility, and use its common sense to arrive at a reasoned decision"). Juries listen and watch while lawyers question witnesses, introduce documents, and present arguments. *See Bankcard Am.*, 203 F.3d at 480. After the jury hears the evidence, the jury is asked to determine which party's version is most likely true. *See Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 581 (7th Cir.2003) ("If the facts were clear we wouldn't need a jury"). By accepting Crown's version of the events over Toutant's, the jury did precisely what it was required to do.

In sum, overturning a jury verdict is not done lightly. *See id.* at 606. Because Toutant has not established that this court committed a prejudicial error or that the jury verdict was

6

against the great weight of the evidence, this court, in its discretion, denies her Motion for a New Trial.

## IV. CONCLUSION

For the foregoing reasons, the court, in its discretion, denies Toutant's Motion for A New Trial [R.135-1].

**ENTER:**

Blanche M. Manning
United States District Judge

**DATE:** OCT 0 5 2004

7